[Civ. No. 50917. Second Dist., Div. Five. Sept. 23, 1977.]

METROPOLITAN WATER DISTRICT OF SOUTHERN
CALIFORNIA et al., Plaintiffs and Appellants, v.
FAIR POLITICAL PRACTICES COMMISSION,
Defendant and Respondent.

**COUNSEL**

Robert P. Will, Carl Boronkay, Ronald R. Gastelum, Jarlath Oley and Richard Gerber for Plaintiffs and Appellants.

Daniel H. Lowenstein, Robert M. Stern, Kenneth H. Finney, Natalie E. West and Michael J. Baker for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—This is an appeal from an order denying a preliminary injunction sought by Metropolitan Water District, together with certain individual members of Metropolitan's board, to prevent the Fair Political Practices Commission (FPPC) from compelling certain financial disclosures by Metropolitan's officers and employees under its conflict of

interest code, as revised by the FPPC. Appellants argue that the revisions made by the FPPC in Metropolitan's conflict of interest code are inconsistent with the intent and purposes of the Political Reform Act of 1974 and that said code, as revised, is invalid and unenforceable.

### FACTS

Metropolitan, like all other state and local agencies in California, is required by the Political Reform Act of 1974 (Gov. Code, § 81000 et seq.) to adopt a conflict of interest code (Gov. Code, § 87300) which satisfies certain requirements as set forth in Government Code section 87302. After Metropolitan formulated and adopted its proposed code, it submitted it to the "code reviewing body," FPPC,[1] for approval (Gov. Code, § 87303). FPPC held three public hearings, revised certain provisions of the proposed code, i.e., sections B1 and B3 (types of reportable interests), C3(b) (disclosure of clients' names by attorneys and brokers, and sections E1 and E3 (opinions of counsel). FPPC then approved the code as revised. Metropolitan objected to the revisions and filed its complaint for declaratory and injunctive relief. In the same action it petitioned for a writ of mandate commanding FPPC to set aside its order revising Metropolitan's code and to set aside its order refusing Metropolitan's request to change its proposed code.

Metropolitan's request for the preliminary injunction and the peremptory writ of mandate sought relief before the trial court on only the first and second causes of action. It was understood by the parties and the trial court that resolution of the third and fourth causes of action would await future proceedings. After a hearing the court denied Metropolitan's motions for a preliminary injunction and peremptory writ of mandate. Metropolitan now appeals.

### ISSUES

The issues on appeal are:

1. Whether Metropolitan is entitled to have some form of individualized review available for designated employees before they are required to divulge certain assets.[2]

---

[1] FPPC is the code reviewing body for over 400 agencies, including Metropolitan.

[2] This was the only issue discussed during the hearing before the trial court, however, the second issue raised by Metropolitan was discussed briefly in the memorandum of points and authorities before the trial court.

2. Whether disclosure of assets by designated employees should be limited only to such assets as may foreseeably be affected materially "in a manner distinguishable from the public generally."

## Discussion

Government Code section 81002, subdivision (d) states: "Assets and income of public officials which may be materially affected by their official actions should be disclosed and in appropriate circumstances the officials should be disqualified from acting in order that conflicts of interest may be avoided."

Government Code section 87302, subdivision (b) provides the method and standards for such disclosure by local public officials. It states in pertinent part: "The Conflict of Interest Code shall set forth for each position or category of positions enumerated under subsection (a) of this section the specific types of investments, interests in real property and income which are reportable and the manner of reporting each item. An investment, interest in real property or income shall be made reportable by the Conflict of Interest Code if the business entity in which the investment is held, the interest in real property, or the income or source of income may foreseeably be affected materially by any decision made or participated in by the designated employee by virtue of his position. The manner of reporting reportable items shall be substantially equivalent to the requirements of Article 2 of this chapter.[3] The first statement filed under this section by a designated employee shall disclose any reportable investments and interests in real property. . . ."

FPPC maintains that when an agency has identified each of its designated positions and drawn disclosure requirements accurately reflecting the types of decision made in those positions, whichever employee fills that position must disclose all the financial interests he

---

[3]Article 2 is applicable to elected state officers, judges of courts of record, members of the Public Utilities Commission, State Energy Resources Conservation and Development Commission, FPPC, California Coastal Zone Conservation Commission, board of supervisors in addition to the district attorneys and chief administrative officers and members of city councils of cities, members of each of the six regional coastal zone conservation commissions, and to candidates for any of these offices at any election. (Gov. Code, § 87200.)

possesses that fall within the disclosure categories assigned to that position.

Metropolitan agrees, but it contends that the act does not permit disclosure of categories to be conclusive and irrebuttable. It asserts that section 87302, subdivision (b) allows it to establish a procedure under which a designated employee could demonstrate on the basis of objective critera that even though a particular interest falls within a disclosure category applicable to his position, he need not disclose the interest because it is not "reasonably foreseeable" that any decision he makes or participates in will have a "material financial effect" on this interest.

Metropolitan's proposed code[4] provided that any employee making such a claim could have the question of whether disclosure of a particular interest is appropriate resolved by Metropolitan's general counsel. Or, instead of deciding the question himself, the general counsel could, with the consent of the designated employee, submit the question to the FPPC. In instances of first impression, the general counsel would be required to submit the question to the FPPC, even if the designated employee objects. Thus, under Metropolitan's proposed code, disclosure would depend upon an individualized case-by-case and interest-by-interest assessment, usually by Metropolitan's general counsel.

Metropolitan asserts that FPPC's interpretation and application of the act will deny Metropolitan's designated employees their right to privacy; that under *County of Nevada* v. *MacMillen*, 11 Cal.3d 662 [114 Cal.Rptr. 345, 522 P.2d 1345],[5] the Supreme Court requires a financial disclosure

---

[4]Metropolitan's proposed code with changes imposed by the FPPC states in pertinent part: "Section E. OPINIONS OF COUNSEL: 1. Opinion Requests: Any designated employee who is unsure of any right or obligation arising under this Code may request an opinion from the General Counsel of Metropolitan. ~~However, an opinion from the General Counsel shall be requested by a designated employee prior to withholding disclosure of any asset, income or source of income listed in Appendix 'A.' The General Counsel shall grant or deny any opinion request within five days.~~ . . . 3. ~~Opinion Request of the Fair Political Practices Commission. In lieu of issuing an opinion requested by a designated employee, the General Counsel may, with the consent of the designated employee, submit the opinion request with proposed findings of fact and conclusions of law, directly to the Fair Political Practices Commission. In instances of first impression, lacking clear precedents, the General Counsel shall submit the opinion request to the Commission.~~ . . ." (Italics omitted.)

[5]Following the California Supreme Court's invalidation of the state Legislature's 1969

law contain the "internal review" procedure proposed in order to avoid unconstitutional overbreadth. Metropolitan specially refers to that portion of *County of Nevada* in which the court, quoting from a decision of the United States Supreme Court, stated: " '[W]hatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied.' " (11 Cal.3d at p. 672.)

The court, however, clearly was not referring to the type of individualized review which Metropolitan advocates, but to some of the provisions of the Moscone law which were not directly challenged. As the court stated at the beginning of its opinion at page 666: "We have concluded that although the statute now before us contains some imprecise and uncertain language, nevertheless taken as a whole the new act meets the basic and substantial objections raised in our *Carmel* [2 Cal.3d 259] case and, accordingly, that we should uphold the act against plaintiffs' general constitutional attack. Analysis of the problems which may arise respecting the interpretation or application of particular provisions of the act should be deferred for future cases in which those provisions are more directly challenged." In *Carmel,* the court's major objection to the 1969 financial disclosure law was that there was no "rational connection" between the disclosure required of an official and his job responsibilities. The court in *Carmel* stated at page 269, "there must be a balancing of interests between the government's need to expose or minimize possible conflicts of interest on the one hand and the right to maintain privacy in one's personal financial affairs while seeking or holding public office on the other. . . ."

■ Contrary to Metropolitan's argument, it is not necessary under section 87302, subdivision (b) for the code to provide a right to a hearing with respect to every item that must be reported. Such exacting standards are not required to satisfy fundamental constitutional rights. (Cf. *Klaus* v. *Minn. State Ethics Commission,* — Minn. — [244 N.W.2d 672]; *Evans* v.

financial disclosure law in *City of Carmel-By-The-Sea* v. *Young,* 2 Cal.3d 259 [85 Cal.Rptr. 1, 466 P.2d 225, 37 A.L.R.3d 1313], the state Legislature in 1973 enacted the Moscone Governmental Conflict of Interests and Disclosure Act (Moscone). Moscone is now inoperative because of the enactment of the Political Reform Act, but prior to the date it became inoperative (May 1, 1975), the California Supreme Court upheld its provisions in *County of Nevada.* wherein it was argued that Moscone was (1) unconstitutionally vague and (2) unconstitutionally overbroad, invading the fundamental right of privacy without serving a reasonable legislative purpose.

*Carey,* 85 Misc.2d 119 [385 N.Y.S.2d 965]; *Chamberlin* v. *Missouri Elections Com'n.* (Mo.) 540 S.W.2d 876; *In re Kading,* 70 Wis.2d 508 [235 N.W.2d 409]; *Montgomery County* v. *Walsh,* 274 Md. 502 [336 A.2d 97].) Under section 87302, subdivision (b), the decision as to what types of interests must be reported is made at the time the code is drafted, not at the time when the designated employee fills out his disclosure statement. Specifically, section 87302, subdivision (b) requires that a conflict of interest code "set forth for *each position or category of positions* . . . the *specific types* of investments, interests in real property and income which are reportable and the manner of reporting each item . . . ." No mention is made of a case-by-case evaluation of each interest held by the designated employee at the time of disclosure. Section 87302, subdivision (b) also requires that the "manner of reporting . . . shall be substantially equivalent to the requirements of Article 2. . . ." Article 2 (§§ 87200-87208) requires that disclosure be made of all financial interests falling within the act's definition of investments, interests in real property and income (§§ 82030, 82033 and 82034). Those filing under article 2 are not permitted to seek a special exemption from disclosure from the commission or any other body. If a financial interest falls within the objectively defined categories, then the interest must be disclosed.

The court in *County of Nevada* held specifically that the Moscone Act, which like the Political Reform Act requires disclosure on the basis of objective criteria, was not impermissibly overbroad. To maintain safeguards against abuse, decisions as to disclosure must be made in public. Internal decisions respecting disclosure, such as that proposed by Metropolitan, would provide no assurances against possible abuse, whereas the disclosure requirements of the Political Reform Act prevent impropriety by bringing potential conflicts to public view. If the categories of disclosable interests are too broad, as Metropolitan contends, then its remedy under the act is to amend its code (§ 87307) so that such categories are properly narrowed.

■ There is no merit to Metropolitan's contention that the requirement that interests in real property be disclosed violates article I, section 18 of the California Constitution guaranteeing the right of "acquiring, possessing and protecting property." Those employees required to disclose interests in real property are only required to disclose whether the property is worth more than $1,000, $10,000 or $100,000. Clearly, the

Political Reform Act places absolutely no restriction on a person's right to buy or sell property.

■ Metropolitan also contends that disclosure may be required only *if it is reasonably foreseeable that the official actions of a designated employee could have a material financial effect on his interests "distinguishable from the effect on the public generally."*[6] Under sections 87100 and 87103 a designated employee is required to *disqualify* himself if it is reasonably foreseeable that his decisions "will have a material financial effect, distinguishable from the effect on the public generally" on certain defined financial interests. The purpose of this provision is to permit an employee to participate in a decision, even though a conflict exists, because a significant segment of the public will be affected in the same way as the employee. However, the "public generally" provision is not applicable to the disclosure provisions of the act and does not limit the range of reportable interests. (See § 87302, subd. (b).) It appears only in the disqualification provision of the act. All *potential* conflicts must be disclosed *without regard to the effect "on the public generally."* It is only when the employee must participate in a particular decision that it is determined whether the conflict is "material" enough and sufficiently peculiar to the interests of the employee, as opposed to the public generally, to require disqualification.

■ In view of the language and purposes of the act, it is clear that the FPPC did not abuse its discretion (§§ 87303, 87309) when it rejected Metropolitan's proposal that its general counsel should have the power to decide what interests its employees need disclose and made the revisions as set forth above.

---

[6] Metropolitan's proposed code with changes imposed by the FPPC states in pertinent part: "Section B. DISCLOSURE STATEMENTS: I. Each designated employee shall file statements, at the time and in the manner prescribed in this Code, disclosing interests in real property within the jurisdiction, investments in business entities, income, or sources of income which might foreseeably be affected materially by the operations of Metropolitan ~~in a manner different from the public generally or a significant segment thereof.~~ The Board of Directors has determined that [it is foreseeable that] the types of investments, interests in real property, income, and sources of income listed in the second column of Appendix 'A' ~~are reportable to the extent that it is foreseeable that~~ they may be affected materially by decisions made or participated in by the designated employee by virtue of his or her position [and are reportable if held by the designated employee.] . . . ~~3. Investments, interests in real property, income, or sources of income of a designated employee are not reportable where such interests may be foreseeably affected only by the establishment by Metropolitan of ad valorem property tax rates or water rates, and where the effect is not distinguishable from the effect on the public generally or on a significant segment thereof.~~" (Italics omitted.)

■

The order denying a preliminary injunction is affirmed. The writ of supersedeas granted by this court pending appeal is dissolved on the date this opinion becomes final.

Kaus, P. J., and Stephens, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 28, 1977.